UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKI SEXTON, as the Personal Representative
of the Estate of Ronald Wesley Sexton,

        Plaintiffs,                                  CASE NO:

v.

OFFICER NICOLO MANGIARACINA, individually
and as a member of St. Petersburg Police Department;
OFFICER JUSTIN MORALES, individually
and as a member of St. Petersburg Police Department;
OFFICER MICHAEL ROMANO, individually
and as a member of the St. Petersburg Police Department;
CHIEF ANTHONY HOLLOWAY,
St. Petersburg Police Department Chief,
in his official capacity,
CITY OF ST. PETERSBURG d/b/a
CITY OF ST. PETERSBURG POLICE DEPARTMENT.

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, VICKI SEXTON (MS. SEXTON) by and through the undersigned Counsel, hereby sues the Defendants, OFFICER NICOLO MANGIARACINA (MANGIARACINA), OFFICER JUSTIN MORALES (MORALES), and OFFICER MICHAEL ROMANO (ROMANO), demands a jury trial, and alleges the following:

## INTRODUCTION

1.      This is a civil rights action on behalf of Plaintiff, MS. SEXTON, which involved the wrongful death of Ronald Wesley Sexton, Plaintiff's adult son, through the wrongful use of excessive and deadly force by Defendants MANGIARACINA, MORALES and ROMANO when they individually and collectively used lethal force and subjected Ronald Wesley Sexton (Mr. Sexton) to excessive and deadly force, and Defendant, CHIEF HOLLOWAY, in his official

1

capacity as Chief of the St. Petersburg Police Department and the Defendant, CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT, as the final policymaker and governmental entity which established and/or was responsible for the policies, practices or customs of CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT which allowed for and condoned the excessive use of force by its officers, including Defendants MANGIARACINA, MORALES and ROMANO.

2.      Defendants MANGIARACINA, MORALES and ROMANO conducted an unreasonable seizure of Mr. Sexton by use of deadly and excessive force and aided and abetted or failed to prevent the use of such force by Defendants MANGIARACINA, MORALES and ROMANO.  It is further alleged that these constitutional violations and torts were committed as a result of policies, practices and customs of the Defendant, CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT (hereinafter referred to solely as SPPD).

3.      This is a wrongful death action pursuant to Fla. Stat. §§ 768.16 *et seq*.

4.      This action concerns wrongful acts and/or acts of negligence by Defendants, MANGIARACINA, MORALES and ROMANO, in their official capacities, which actions and omissions caused significant damages to Mr. Sexton, deceased, his Estate and other beneficiaries.

5.      Plaintiff, MS. SEXTON, filed her notice of claim pursuant to Fla. Stat. § 768.28, regarding her state tort claim against Defendants, MANGIARACINA, MORALES and ROMANO.

6.      There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

### JURISDICTION AND VENUE

7.     This is an action for damages which exceed the sum of Fifteen Thousand ($15,000.00) Dollars.

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

9.     Venue is proper in this district because it is where the events complained of occurred.

### PARTIES

10.     Plaintiff, MS. SEXTON, brings this action as the Personal Representative of the Estate of Ronald Wesley Sexton, deceased.

11.     At all times material, Defendants, MANGIARACINA, MORALES and ROMANO were Officers with the St. Petersburg Police Department, located in Pinellas County, Florida.

12.     Defendant, CHIEF HOLLOWAY, is the appointed Chief of Police of the SPPD. Defendant, CHIEF HOLLOWAY, is responsible for the day-to-day operation of the SPPD and is responsible for setting policy for the SPPD.  Defendant, CHIEF HOLLOWAY, is ultimately responsible for the training, supervision and discipline of the officers of the SPPD.   Defendant, CHIEF HOLLOWAY, is under a duty to run the policing activities of the SPPD in a lawful manner so as to preserve the peace of the City of St. Petersburg and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  Defendant, CHIEF HOLLOWAY, is being sued individually as policy maker and in his official capacity as Chief of the City of St.

Petersburg Police Department and therefore, said Defendant in his official capacity is synonymous with the CITY OF ST. PETERSBURG.

13.   Defendant, CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the St. Petersburg Police Department (SPPD).   Defendant, CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT, receives federal funds.  Defendant, CITY OF ST. PETERSBURG/CITY OF ST. PETERSBURG POLICE DEPARTMENT, by and though its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of St. Petersburg and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  The City of St. Petersburg does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, Section 768.28.

14.   Each and all of the acts of the Defendants and other members of the SPPD involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the City of St. Petersburg, under the color of law and by virtue of their authority as law enforcement officers for the City of St. Petersburg. At all times Defendants were engaged in conduct that was the proximate cause of the violations of Mr. Sexton's federally protected rights and state law rights, as more particularized herein.

## FACTUAL ALLEGATIONS

4

15.     On September 02, 2013, the St. Petersburg Police Department responded to a call after a dispute between neighbors. The call was made by Cedric Prince Warren (Mr. Warren), a neighbor of Ronald Wesley Sexton, now deceased.

16.     On the date of the incident, Mr. Warren's dog was barking nonstop, which was not uncommon for the animal.

17.     Mr. Warren alleged that Mr. Sexton was pestering his dog, and shouted out for Mr. Sexton to refrain. A squabble ensued, and Mr. Warren left his house to confront Mr. Sexton. Mr. Sexton felt threatened by Mr. Warren's confrontation.

18.     Once on Mr. Sexton's front porch, Mr. Warren saw a firearm in Mr. Sexton's pocket. At no time did Mr. Sexton point his firearm at Mr. Warren.

19.     Nevertheless, Mr. Warren returned to his residence and called 911. Mr. Sexton can be heard in the background of the 911 call.

20.     Mr. Sexton and his ten-year-old son Joshua were on the porch together when Joshua saw the officers arrive. Joshua ran inside to get his mother, and thereafter witnessed his father's tragic slaying from the front window.

21.     Officers MANGIARACINA, MORALES and ROMANO, among other officers, arrived at Mr. Sexton's residence to respond.

22.     Defendants MANGIARACINA, MORALES and ROMANO, with guns drawn, commanded Mr. Sexton, who was on his porch, to drop his gun and get down on the ground.

23.     Suddenly, while Mr. Sexton was in the process of surrendering, all three officers fired at him. In sum, Mr. Sexton was fired at seventeen times.

24.     Specifically, Defendant MANGIARACINA fired nine shots at Mr. Sexton with a Colt Sporter M4 carbine rifle.

25. Defendant MORALES fired seven shots at Mr. Sexton with a Glock pistol.

26. And Defendant ROMANO fired one shot at Mr. Sexton with a Remington 12 Gauge Shotgun.

27. Upon the arrival of St. Petersburg Fire Rescue, Mr. Sexton was pronounced dead.

28. As a result of Defendants', MANGIARACINA, MORALES and ROMANO, use of deadly force, Mr. Sexton was mortally wounded by the gunshots and died. The medical examiner's report states Mr. Sexton's cause of death as multiple gunshot wounds and manner of death as homicide.

29. Defendants' hastiness in their acts of shooting Mr. Sexton while he was surrendering without any prior attempts to deescalate an already serene situation was in violation of the then SPPD policy which requires that officers "shall exhaust all other reasonable means of apprehension, or defense of themselves or another, before resorting to the use of deadly force."

## COUNT I

### 42 U.S.C § 1983 Excessive Force Claim – MANGIARACINA

30. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-27 and further alleges:

31. Defendant, MANGIARACINA, unlawfully seized Mr. Sexton, when he shot him nine times as Mr. Sexton was in the process of surrendering. Defendant, MANGIARACINA's, use of force constituted grossly excessive, unjustified and unnecessary force and caused the death of Mr. Sexton. Defendant MANGIARACINA's, use of excessive force was particularly egregious given that Mr. Sexton had not committed a crime.

32. Defendant, MANGIARACINA's use of force was disproportionate to the facts, circumstances and any claimed need for force.

33.     This cause of action is brought by Plaintiff, MS. SEXTON, against Defendant, MANGIARACINA, for the excessive use of force under color of law that deprived Mr. Sexton of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

34.     Defendant, MANGIARACINA, while acting in his capacity as a police officer and under color of law, did unlawfully seize and use excessive force on Mr. Sexton in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

35.     As a direct and proximate result of the conduct of Defendant, MANGIARACINA, Mr. Sexton suffered multiple gunshot wounds which were the legal cause of his death on September 02, 2013.

36.     As a further direct and proximate result of Defendant, MANGIARACINA, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

37.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

### COUNT II

### 42 U.S.C § 1983 Excessive Force Claim – MORALES

38.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint herein:

39.     Defendant, MORALES, unlawfully seized Mr. Sexton, when he shot him seven times as Mr. Sexton was in the process of surrendering. Defendant, MORALES's, use of force constituted grossly excessive, unjustified and unnecessary force and caused the death of Mr.

Sexton. Defendant MORALES's, use of excessive force was particularly egregious given that Mr. Sexton had not committed a crime.

40.     Defendant, MORALES's use of force was disproportionate to the facts, circumstances and any claimed need for force.

41.     This cause of action is brought by Plaintiff, MS. SEXTON, against Defendant, MORALES, for the excessive use of force under color of law that deprived Mr. Sexton of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

42.     Defendant, MORALES, while acting in his capacity as a police officer and under color of law, did unlawfully seize and use excessive force on Mr. Sexton in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

43.     As a direct and proximate result of the conduct of Defendant, MORALES, Mr. Sexton suffered multiple gunshot wounds which were the legal cause of his death on September 02, 2013.

44.     As a further direct and proximate result of Defendant, MORALES, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

45.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

## COUNT III

### 42 U.S.C § 1983 Excessive Force Claim – ROMANO

46.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint herein:

47.     Defendant, ROMANO, unlawfully seized Mr. Sexton, when he shot him as Mr. Sexton was in the process of surrendering. Defendant, ROMANO's, use of force constituted grossly excessive, unjustified and unnecessary force and caused the death of Mr. Sexton. Defendant ROMANO's, use of excessive force was particularly egregious given that Mr. Sexton had not committed a crime.

48.     Defendant, ROMANO's use of force was disproportionate to the facts, circumstances and any claimed need for force.

49.     This cause of action is brought by Plaintiff, MS. SEXTON, against Defendant, ROMANO, for the excessive use of force under color of law that deprived Mr. Sexton of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

50.     Defendant, ROMANO, while acting in his capacity as a police officer and under color of law, did unlawfully seize and use excessive force on Mr. Sexton in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

51.     As a direct and proximate result of the conduct of Defendant, ROMANO, Mr. Sexton suffered multiple gunshot wounds which were the legal cause of his death on September 02, 2013.

52.     As a further direct and proximate result of Defendant, ROMANO, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

53.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

## COUNT IV

### Wrongful Death Claim – MANGIARACINA

54.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint herein:

55.     The law establishes a general duty on the part of law enforcement officers to protect citizens.

56.     Defendants, MANGIARACINA, MORALES and ROMANO, breached their duty in the following ways:

      a.     Negligent use of a firearm.

      b.     Negligent failure to properly assess a situation.

      c.     Negligent escalation of a situation without attempting to deescalate it.

      d.     Disproportionate use of force against Mr. Sexton.

57.     Defendants, MANGIARACINA, MORALES and ROMANO's acts or omissions were a direct, proximate and legal cause of the death of Mr. Sexton on September 02, 2013.

58.      As a further direct and proximate result of Defendants, MANGIARACINA, MORALES and ROMANO, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

59.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

### COUNT V

### Wrongful Death Act Claim – MORALES

60.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

61.     The law establishes a general duty on the part of law enforcement officers to protect citizens.

62.     Defendants, MANGIARACINA, MORALES and ROMANO, breached their duty in the following ways:

   a.     Negligent use of a firearm.

   b.     Negligent failure to properly assess a situation.

   c.     Negligent escalation of a situation without attempting to deescalate it.

   d.   Disproportionate use of force against Mr. Sexton.

63. Defendant, MORALES's acts or omissions were a direct, proximate and legal cause of the death of Mr. Sexton on September 02, 2013.

64.     As a further direct and proximate result of Defendant, MORALES, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

65.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

**COUNT VI**

**Wrongful Death Act Claim – ROMANO**

66.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

67.     The law establishes a general duty on the part of law enforcement officers to protect citizens.

68.     Defendants, MANGIARACINA, MORALES and ROMANO, breached their duty in the following ways:

a.      Negligent use of a firearm.

b.      Negligent failure to properly assess a situation.

c.      Negligent escalation of a situation without attempting to deescalate it.

d.      Disproportionate use of force against Mr. Sexton.

69.    Defendant, ROMANO's acts or omissions were a direct, proximate and legal cause of the death of Mr. Sexton on September 02, 2013.

70.    As a further direct and proximate result of Defendant, ROMANO, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

71.    Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

### COUNT VII

### Wrongful Death Act Claim – CHIEF HOLLOWAY

72.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

73.    Defendant, CHIEF HOLLOWAY, by and through HIS employees, is under a duty to run policing activities in a lawful manner so as to preserve the peace of the City of St. Petersburg and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

74.    Pursuant to § 768.28, Florida Statutes, Defendant, CHIEF HOLLOWAY, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the St. Petersburg Police Department while acting within the scope of their employment.

75.    Defendants, MANGIARACINA, MORALES and ROMANO, were at all relevant

times employees of the St. Petersburg Police Department and were acting within the scope of their employment during the time of the incident. Therefore, Defendant, CHIEF HOLLOWAY, is liable for the death of Mr. Sexton which was caused by Defendants, MANGIARACINA, MORALES and ROMANO.

76.     The law establishes a general duty on the part of law enforcement officers to protect citizens.

77.     Defendants,  MANGIARACINA, MORALES and ROMANO, breached their duty in the following ways:

      a.     Negligent use of a firearm.

      b.     Negligent failure to properly assess a situation.

      c.     Negligent escalation of a situation without attempting to deescalate it.

      d.     Disproportionate use of force against Mr. Sexton.

78.     Defendants, MANGIARACINA, MORALES and ROMANO acts or omissions were a direct, proximate and legal cause of the death of Mr. Sexton on September 02, 2013.

79.      As a further direct and proximate result of Defendants, MANGIARACINA, MORALES and ROMANO, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

**80.**     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

<strong><u>COUNT VIII</u></strong>

<strong><u>STATE LAW BATTERY – MANGIARACINA</u></strong>

81. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

82. Defendant, MANGIARACINA's, use of force upon Mr. Sexton, was an objectively unreasonable use of force given the totality of the circumstances.

      a. Mr. Sexton did not commit any crime before Defendant, MANGIARACINA'S arrival.

      b. Mr. Sexton did not pose a serious threat to Defendant, MANGIARACINA, or any other person present. Mr. Sexton was in the process of surrendering, was not acting in a violent manner and was not placing anyone in danger, including Defendant, MANGIARACINA.

      c. Mr. Sexton was in no way trying to escape or flee the area.

83. The amount of force used by Defendant, MANGIARACINA, against Mr. Sexton was unreasonable and unnecessary for Defendant, MANGIARACINA, to defend himself, or any other person from bodily harm during the attempted apprehension and arrest of Mr. Sexton.

84. The actions of Defendant, MANGIARACINA, by using excessive force constituted nonconsensual touch or strike battery causing personal injury of Mr. Sexton in violation of Florida law.

85. At all times hereto, Defendant, MANGIARACINA, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

86. Under current existing law, Plaintiff, MS. SEXTON, avers that the individual Defendant, MANGIARACINA, is liable for all torts committed by him and for which the

Defendant, CITY OF ST. PETERSBURG, has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

87.     As a further direct and proximate result of Defendant, MANGIARACINA, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

88.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

<b><u>COUNT IX</u></b>

<b><u>STATE LAW BATTERY - MORALES</u></b>

89.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

90.     Defendant, MORALES's, use of force upon Mr. Sexton, was an objectively unreasonable use of force given the totality of the circumstances.

      a.  Mr. Sexton did not commit any crime before Defendant, MORALES'S arrival.

      b.  Mr. Sexton did not pose a serious threat to Defendant, MORALES, or any other person present. Mr. Sexton was in the process of surrendering, was not acting in a violent manner and was not placing anyone in danger, including Defendant, MORALES.

      c.  Mr. Sexton was in no way trying to escape or flee the area.

91.     The amount of force used by Defendant, MORALES, against Mr. Sexton was unreasonable and unnecessary for Defendant, MORALES, to defend himself, or any other person from bodily harm during the attempted apprehension and arrest of Mr. Sexton.

92.     The actions of Defendant, MORALES, by using excessive force constituted nonconsensual touch or strike battery causing personal injury of Mr. Sexton in violation of Florida law.

93.     At all times hereto, Defendant, MORALES, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

94.     Under current existing law, Plaintiff, MS. SEXTON, avers that the individual Defendant, MORALES, is liable for all torts committed by him and for which the Defendant, CITY OF ST. PETERSBURG, has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

95.     As a further direct and proximate result of Defendant, MORALES, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

96.     Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

## COUNT X

## STATE LAW BATTERY – ROMANO

97.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

98.     Defendant, ROMANO's, use of force upon Mr. Sexton, was an objectively unreasonable use of force given the totality of the circumstances.

    a.  Mr. Sexton did not commit any crime before Defendant, ROMANO'S arrival.

      b.   Mr. Sexton did not pose a serious threat to Defendant, ROMANO, or any other person present. Mr. Sexton was in the process of surrendering, was not acting in a violent manner and was not placing anyone in danger, including Defendant, ROMANO.

      c.   Mr. Sexton was in no way trying to escape or flee the area.

99.    The amount of force used by Defendant, ROMANO, against Mr. Sexton was unreasonable and unnecessary for Defendant, ROMANO, to defend himself, or any other person from bodily harm during the attempted apprehension and arrest of Mr. Sexton.

100.    The actions of Defendant, ROMANO, by using excessive force constituted nonconsensual touch or strike battery causing personal injury of Mr. Sexton in violation of Florida law.

101.    At all times hereto, Defendant, ROMANO, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property in his individual capacity.

102.    Under current existing law, Plaintiff, MS. SEXTON, avers that the individual Defendant, ROMANO, is liable for all torts committed by him and for which the Defendant, CITY OF ST. PETERSBURG, has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

103.    As a further direct and proximate result of Defendant, ROMANO, the Estate of Ronald Wesley Sexton has incurred medical and funeral expenses.

104.    Plaintiff, MS. SEXTON, the mother and Personal Representative of the Estate of Ronald Wesley Sexton, has suffered damages including loss of support and services and mental pain and suffering.

## COUNT XI

### STATE LAW BATTERY – DEFENDANT, CITY OF ST. PETERSBURG

105.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint and incorporates them by reference herein:

106.    Defendants, MANGIARACINA, MORALES and ROMANO, bettered Mr. Sexton, which is actionable against Defendant, the City of St. Petersburg, in its official capacity, pursuant to §768.28, Fla. Stat. (2012).

107.    Defendants, MANGIARACINA, MORALES and ROMANO's use of force upon Mr. Sexton was an objectively unreasonable use of force given the totality of the circumstances.

      a. Mr. Sexton did not commit any crime before Defendants MANGIARACINA, MORALES and ROMANO arrived.

      b. Mr. Sexton did not pose a serious threat to Defendant MANGIARACINA, MORALES or ROMANO, or any other person present. Mr. Sexton was in the process of surrendering, was not acting in a violent manner and was not placing anyone in any form of danger, including Defendants MANGIARACINA, MORALES and ROMANO.

      c. Mr. Sexton was in no way trying to escape or flee the area.

108.    Alternatively to the allegations contained in Counts IX-XI, the batteries by Defendants MANGIARACINA, MORALES and ROMANO against Mr. Sexton occurred during the course and scope of their employment as police officers for the CITY OF ST. PETERSBURG and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

18

109.     As a further direct and proximate result of Defendants MANGIARACINA,

MORALES and ROMANO, the Estate of Ronald Wesley Sexton has incurred medical

and funeral expenses.

110.     Plaintiff, Ms. Sexton, the mother and Personal Representative of the Estate of

Ronald Wesley Sexton, has suffered damages including loss of support and services and

mental pain and suffering.


## DAMAGES

111.     Plaintiff repeats and re-alleges all paragraphs of this Complaint and incorporates

them by reference herein.

112.     As a direct and proximate result of the aforementioned actions and omissions of

the Defendants, MANGIARACINA, MORALES, ROMANO, CHIEF HOLLOWAY and the

SPPD, Ronald Wesley Sexton was killed. As a direct and proximate result of the wrongful death

of Ronald Wesley Sexton, Plaintiff, MS. SEXTON, suffered damages. Plaintiff, MS. SEXTON,

seeks recovery from the Defendants of all damages to which she may be entitled under state and

federal law for the injuries and damages to Plaintiff, MS. SEXTON, and which include, but are

not limited to, the following:

a.     Emotional Pain and Suffering of a past, present and future nature;

b.     Medical and funeral expenses connected to the death of Ronald Wesley
Sexton;

c.     Future lost support and services;

d.     Loss of benefits such as pension plans and medical coverage;

e.     Loss of inheritance;

f.     Loss of consortium;

g.      Post-Judgment Interest;

h.      Statutory and Discretionary Costs;

i.      Attorney's fees where permitted by statute or contract;

j.      All such further relief, both general and specific, to which she may be entitled under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff, MS. SEXTON, sues the Defendants, MANGIARACINA, MORALES, ROMANO, CHIEF HOLLOWAY and the SPPD for the wrongful death of Ronald Wesley Sexton and prays for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which she may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff, VICKI SEXTON, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 2nd day of December 2014.

MICHAEL P. MADDUX, P.A.

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Attorney for Plaintiffs
2102 West Cleveland Street
Tampa, Florida 33606
Phone: (813) 253 - 3363
Facsimile: (813) 253 - 2553
Email: mmaddux@madduxattorneys.com
Secondary Email: jquinones@madduxattorneys.com