UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDY WALLACE, as the Personal Representative
of the Estate of Ronald Wesley Sexton,

    Plaintiff,

vs.                                                       Case No. 8:14-cv-03022-SCB-AEP

OFFICER NICOLO MANGIARACINA, individually
And as a member of St. Petersburg Police Department;
OFFICER JUSTIN MORALES, individually
And as a member of St. Petersburg Police Department;
OFFICER MICHAEL ROMANO, individually and as
A member of the St. Petersburg Police Department;
CHIEF ANTHONY HOLLOWAY,
St. Petersburg Police Department Chief,
In his official capacity,
CITY OF ST. PETERSBURG d/b/a
CITY OF ST. PETERSBURG POLICE DEPARTMENT,

    Defendants.
_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

      Defendants, Officer Nicolo Mangiaracina, Officer Justin Morales, Officer Michael Romano, Chief Anthony Holloway, and City of St. Petersburg d/b/a City of St. Petersburg Police Department ("Defendants"), by and through their undersigned counsel, hereby file their Amended Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, Brandy Wallace, as the Personal Representative of the Estate of Ronald Wesley Sexton ("Plaintiff" or "Sexton") and state as follows:

## ANSWER

      1.    Denied.

      2.    Denied.

      3.    Denied.

4. Denied.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Denied.

8. Denied.

9. Denied.

## PARTIES

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

## FACTUAL ALLEGATIONS

15. Admitted.

16. Denied.

17. Denied.

18. Unknown therefore denied.

19. Admitted.

20. Denied.

21. Admitted.

22. Admitted.

23. Denied.

24. Unknown therefore denied.

25. Unknown therefore denied.

26. Unknown therefore denied.

27. Admitted.

28. Denied.

29. Denied.

## COUNT I
## 42 U.S.C. § 1983 Excessive Force Claim – MANGIARACINA

30. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II
## 42 U.S.C. § 1983 Excessive Force Claim – MORALES

38. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III

### 42 U.S.C. § 1983 Excessive Force Claim – ROMANO

46. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

47. Denied.
48. Denied.
49. Denied.
50. Denied.
51. Denied.
52. Denied.
53. Denied.

### COUNT IV
### Wrongful Death Claim – MANGIARACINA

54. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

55. Denied.
56. Denied.
57. Denied.
58. Denied.
59. Denied.

### COUNT V
### Wrongful Death Act Claim – MORALES

60. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

61. Denied.
62. Denied.
63. Denied.
64. Denied.

65. Denied.

## COUNT VI
## Wrongful Death Act Claim – ROMANO

66. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT VII
## Wrongful Death Act Claim – CHIEF HOLLOWAY

72. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

73. Denied.

74. Denied.

75. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT VIII
## STATE LAW BATTERY – MANGIARACINA

81. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT IX
## STATE LAW BATTERY – MORALES

89. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT X
## STATE LAW BATTERY – ROMANO

97. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## COUNT XI
## STATE LAW BATTERY – DEFENDANT, CITY OF ST. PETERSBURG

105. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## DAMAGES

111. Defendants reallege and reassert each of its answers from the preceding paragraphs as though the answers were set forth herein in full.

112. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant City says that at the time and place alleged in the Amended Complaint, the Defendant City's police officers' actions were based upon the lawful execution of his legal duties and police powers, and such conduct is protected by the state discretionary function immunity.

## SECOND AFFIRMATIVE DEFENSE

Defendant City says that at all times material to the allegations of the Complaint, Defendant City's police officers were duly authorized law enforcement officers of the Defendant City of St. Petersburg and possessed authority to make a lawful arrest or detention for the commission of crimes. The police officers were using only such force as was necessary. Therefore, the use of force by the police officers was privileged and justified.

**THIRD AFFIRMATIVE DEFENSE**

In the event that Plaintiff recovers a verdict or judgment against Defendant City, then said verdict or judgment must be reduced, under the laws of Florida, by those amounts which have already, or will in the future have, with reasonable certainty, indemnified or paid Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source including but not limited to, insurance, social security, workers' compensation or other public or private programs, including but not limited to employee benefit programs.

**FOURTH AFFIRMATIVE DEFENSE**

St. Petersburg is entitled to a setoff for all sums of money recovered by or on behalf of Plaintiff by way of any settlement, judgment, or otherwise which was entered into or received by Plaintiff from any person or entity.

**FIFTH AFFIRMATIVE DEFENSE**

The City of St. Petersburg is entitled to sovereign immunity for this claim.

**SIXTH AFFIRMATIVE DEFENSE**

Probable cause existed for the arrest of the Ronald Wesley Sexton.

**SEVENTH AFFIRMATIVE DEFENSE**

Probable cause existed for the detention of Ronald Wesley Sexton.

**EIGHTH AFFIRMATIVE DEFENSE**

Any force used was reasonable and necessary.

**NINTH AFFIRMATIVE DEFENSE**

Reasonable suspicion existed for the detention of Ronald Wesley Sexton.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action against the City for a §1983 violation.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for supervisory liability.

## TWELFTH AFFIRMATIVE DEFENSE

As to the Defendant officers individually for violation of civil rights under § 1983, Defendant officers assert that at all times material to the allegations of the Amended Complaint, they were acting within the scope of their discretionary authority as duly authorized law enforcement officers of the City of St. Petersburg, Florida, a Florida municipal corporation, and that the actions taken by them were within the scope of their discretionary authority and did not violate Sexton's clearly established constitutional rights of which a reasonable person would have known.

## THIRTEENTH AFFIRMATIVE DEFENSE

As an Affirmative Defense to Plaintiff's Amended Complaint, Defendant officers assert that while attempting to lawfully arrest Sexton, they used only such force as they reasonably believed to be necessary to defend themselves from bodily harm while making the arrest. Thus, the force used by the Defendant officers was justified and privileged under § 776.012 and 776.05 (1), Florida Statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to the state law claims under Counts XIII, IX, X, and XI of the Amended Complaint, Defendant officers assert that they were employees of the City of St. Petersburg, a Florida municipal corporation and acting within the scope of their employment and without bad faith or malicious purpose at the time of the incidents alleged in said counts and, therefore, are entitled to the immunity afforded by § 768.28, Florida Statutes.

## REQUEST FOR JURY TRIAL

WHEREFORE, Defendants request a trial by jury of all issues so triable, and other relief to which the Defendants may be justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed using the CM/ECF system which will send a notice of electronic filing to: Michael P. Maddux, Esquire, 2102 West Cleveland Street, Tampa, FL 33606, mmaddux@madduxattorneys.com; jquinones@madduxattorneys.com, Attorney for Plaintiff, this 30th day of January, 2015.

JOHN C. WOLFE
CITY ATTORNEY

By: /s/ Joseph P. Patner
JOSEPH P. PATNER
Assistant City Attorney for St. Petersburg
P.O. Box 2842
St. Petersburg, FL 33731
(727) 893-7401
FBN 831557/SPN: 01798453
eservice@stpete.org
joseph.patner@stpete.org