# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRANDY WALLACE, as the Personal Representative
of the Estate of Ronald Wesley Sexton,

      Plaintiff,               CASE NO: 8:14-CV-03022-T-24-AEP

v.

OFFICER NICOLO MANGIARACINA, individually
and as a member of St. Petersburg Police Department;
OFFICER JUSTIN MORALES, individually
and as a member of St. Petersburg Police Department;
OFFICER MICHAEL ROMANO, individually
and as a member of the St. Petersburg Police Department;
CHIEF ANTHONY HOLLOWAY,
St. Petersburg Police Department Chief,
in his official capacity,
CITY OF ST. PETERSBURG d/b/a
CITY OF ST. PETERSBURG POLICE DEPARTMENT.

      Defendants.
_____/

## VERDICT FORM

I.     **42 U.S.C § 1983 Claim against Officer Mangiaracina**

**Do you find from a preponderance of the evidence:**

1. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, has proven that Officer Nicolo Mangiaracina used excessive force against Ronald Sexton?

   Answer: Yes _____    No __X__

   If your answer is "No," go to question 4. If your answer is "Yes," go to the next question.

2. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, should be awarded compensatory damages against Officer Mangiaracina?

   Answer:  Yes _____   No _____

   If your answer is "Yes," in what amount? $_____

3. That punitive damages should be assessed against Officer Mangiaracina?

   Answer:  Yes _____   No _____

   If your answer is "Yes," in what amount? $_____

## II.    42 U.S.C § 1983 Claim against Officer Morales

**Do you find from a preponderance of the evidence:**

4. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, has proven that Officer Justin Morales used excessive force against Ronald Sexton?

    Answer: Yes _____    No __X__

    If your answer is "No," go to question 7. If your answer is "Yes," go to the next question.

5. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, should be awarded compensatory damages against Officer Morales?

    Answer: Yes _____    No _____

    If your answer is "Yes," in what amount? $_____

6. That punitive damages should be assessed against Officer Morales?

    Answer: Yes _____    No _____

    If your answer is "Yes," in what amount? $_____

### III. 42 U.S.C § 1983 Claim against Officer Romano

**Do you find from a preponderance of the evidence:**

7. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, has proven that Officer Michael Romano used excessive force against Ronald Sexton?

   Answer: Yes _____   No __X__

   If your answer is "No," go to question 10. If your answer is "Yes," go to the next question.

8. That Brandy Wallace, as the personal representative of the Estate of Ronald Wesley Sexton, should be awarded compensatory damages against Officer Romano?

   Answer: Yes _____   No _____

   If your answer is "Yes," in what amount? $_____

9. That punitive damages should be assessed against Officer Romano?

   Answer: Yes _____   No _____

   If your answer is "Yes," in what amount? $_____

### IV. Intoxication Defense for State Law Wrongful Death Claim

**Do you find from a preponderance of the evidence:**

10. That Ronald Sexton was under the influence of any alcohol beverage or drug to the extent his normal faculties were impaired or that Mr. Sexton had a blood alcohol level of 0.08 percent or higher.

    Answer:  Yes __X__     No _____

    If your answer is "Yes," go to the next question. If your answer is "No," go to question 12.

11. That as a result of the influence of such alcoholic beverage or drug, Ronald Sexton was more than 50% at fault for his own harm.

    Answer:  Yes __X__     No _____

    If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to question 12.

**V.** **State Law Wrongful Death Claim against the City of St. Petersburg**

**Do you find from a preponderance of the evidence:**

12. That Officer Mangiaracina acted wrongfully or negligently when he fatally shot Ronald Sexton.

    Answer: Yes _____    No _____

13. That Officer Morales acted wrongfully or negligently when he fatally shot Ronald Sexton.

    Answer: Yes _____    No _____

14. That Officer Romano acted wrongfully or negligently when he fatally shot Ronald Sexton.

    Answer: Yes _____    No _____

    If your answer to **any** of questions 12, **13 or** 14 is "Yes," proceed to question 15.

    If your answer to **all** of questions 12, **13 and** 14 is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form.

## VI. Damages for State Law Wrongful Death Claim

### a. Damage of the Estate

15. What is the total amount of damages lost by the Estate for the amount of funeral expenses resulting from Ronald Sexton's death charged to the Estate or paid by someone other than Joshua Sexton, Vicki Sexton or John Sexton?

$ _____

### b. Damages of Surviving Child, Joshua Sexton

16. What is the total amount of damages sustained by Joshua Sexton for the loss of parental companionship, instruction, and guidance and Joshua Sexton's pain and suffering as a result of Ronald Sexton's death?

$ _____

17. What is the total amount of damages sustained by Joshua Sexton for the loss of Ronald Sexton's support and services?

$ _____

**TOTAL DAMAGES OF JOSHUA SEXTON**
(add lines 20 and 21)

$ _____

   c. **Damages of Surviving Mother, Vicki Sexton**

18. What is the total amount of damages sustained by Vicki Sexton for her pain and suffering as a result of the death of Ronald Sexton?

   **TOTAL DAMAGES OF VICKI SEXTON**

   $ _____

   d. **Damages of Surviving Father, John Sexton**

19. What is the total amount of damages sustained by John Sexton for his pain and suffering as a result of the death of Ronald Sexton?

   **TOTAL DAMAGES OF JOHN SEXTON**

   $ _____

SO SAY WE ALL.

DATE: 4/27/17

_____
Foreperson's Signature