UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDY WALLACE,
as the Personal Representative
of the Estate of RONALD WESLEY SEXTON,

    Plaintiff,

v.                                                     Case No.: 8:14-cv-3022-T-24AEP

OFFICER NICOLO MANGIARACINA, individually
and as a member of the St. Petersburg Police Department,
OFFICER JUSTIN MORALES, individually
and as a member of the St. Petersburg Police Department,
OFFICER MICHAEL ROMANO, individually
and as a member of the St. Petersburg Police Department,
CHIEF ANTHONY HOLLOWAY,
St. Petersburg Police Department Chief,
In his official capacity,
CITY OF ST. PETERSBURG d/b/a
CITY OF ST. PETERSBURG POLICE DEPARTMENT,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for New Trial (Doc. 147) and Defendants' response thereto (Doc. 149). Upon review, the Court denies Plaintiff's Motion.

    **I.**    **Background**

Plaintiff initiated this action on December 2, 2014, alleging that Defendants caused the wrongful death of Ronald Wesley Sexton through the individual and collective use of excessive and deadly force against him in violation of 42 U.SC. § 1983. (Docs. 1, 8). On March 18, 2015, the Court entered a scheduling order which, pursuant to the parties' joint request, required Plaintiff to disclose the identity of any expert witnesses and expert reports by July 9, 2015. (Doc. 18).

Pursuant to Plaintiff's request, the expert disclosure date was thereafter extended to August 31, 2015. (Doc. 25). Plaintiff did not disclose any experts by this date.

After an interlocutory appeal affirming the Court's denial of Defendants' motion for summary judgment on qualified immunity (*see* Docs. 51, 58, 64), Plaintiff moved to re-open discovery in order to obtain blood splatter and police procedure experts (Doc. 59). Defendants opposed the motion. (Doc. 60). Plaintiff argued that despite the Court's expert disclosure deadline, she waited until after a determination was made as to qualified immunity before engaging in the expense of retaining experts in order to limit litigation costs. (Doc. 59, ¶ 11). After a hearing, the Court denied Plaintiff's motion to re-open discovery. (Doc. 68). The Court found that Plaintiff's decision to ignore the discovery deadline because she did not want to spend money retaining experts until after summary judgment was not good cause to re-open discovery. (Doc. 146, pg. 5).

The case went to trial, and the jury returned a verdict in favor of Defendants on each of Plaintiff's claims on April 27, 2017. (Doc. 133). Thereafter, Plaintiff filed the instant motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. 147).

**II.     Motion for New Trial**

Pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A "motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

Plaintiff argues that she is entitled to a new trial because: 1) the Court's denial of Plaintiff's motion to re-open discovery prevented a fair trial; 2) the Court improperly failed to strike juror number six for cause, forcing Plaintiff to use a preemptory challenge on juror number six; and 3) defense counsel made inflammatory and improper comments during his closing argument which prejudiced the jury against Plaintiff. The Court will address each argument in turn.

### a. Denial of Plaintiff's Motion to Re-Open Discovery

Plaintiff argues that the denial of her motion to re-open discovery prejudiced Plaintiff because it prevented Plaintiff from presenting expert testimony regarding blood splatter and police procedures. Moreover, she states that this prejudice was compounded by defense counsel's arguments in closing that Plaintiff had not presented any experts and that Plaintiff had not shown that any police procedures were violated.

Plaintiff made the conscious decision not to retain experts prior to the expiration of the expert disclosure deadline and did not move to re-open discovery until after the Eleventh Circuit affirmed this Court's denial of Defendants' motion for summary judgment on qualified immunity. At this point, all that was left was for this case to proceed to trial. It was within this Court's discretion to deny Plaintiff's motion to re-open discovery well after discovery was closed when the only reason offered by Plaintiff to re-open was her desire to limit costs prior to a decision on qualified immunity. *See Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." (quoting *Cooper v. S. Co.,* 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457–58 (2006)). Plaintiff had every

opportunity to retain experts within the deadlines prescribed by this Court, but chose not to do so. If Plaintiff suffered any prejudice from her lack of experts, the fault was purely her own.

### b. Failure to Strike Juror Number Six for Cause

Plaintiff next argues that the Court's failure to strike juror number six for cause was prejudicial to Plaintiff. Specifically, Plaintiff states that because juror number six was not stricken for cause, she was forced to use a preemptory challenge on juror number six. Plaintiff argues that had she not been forced to use the preemptory challenge on juror number six, she would have used it on juror number seven, who became a member of the jury panel.

A prospective juror may be properly excluded for cause only if the reason given for the strike would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Wainwright v. Witt,* 469 U.S. 412, 424 (1985). While the burden of proof rests on the party moving to have a member of the venire panel removed, the decision to exclude a prospective juror for cause is at the discretion of the trial judge. *See United States v. Blackman,* 66 F.3d 1572, 1575 n.3 (11th Cir.1995) (citation omitted). Here, the jury venire was asked by Plaintiff's counsel whether they would "feel comfortable looking at a 10-year-old on the witness stand and trying to make a decision about what that 10-year-old did or didn't see." (Doc. 148-1, p. 100). Juror number six responded as follows:

> My wife is a principal and she tells me some stories and I could never work in that level. That's why I work in a college. Because the kids would drive [m]e crazy. And not that they would lie, but I think sometimes they can misconstrue it or be influenced by parents. And I'm just – get that from my wife and I got to listen to her. I just wanted to let you know.

(*Id.* at p. 100–01). The Court denied Plaintiff's request to strike juror number six for cause. (*Id.* at p. 125). Plaintiff then used a peremptory challenge to strike the juror. That juror number six believed that "sometimes [10-year-olds] can misconstrue it or be influenced by parents" did not

4

demonstrate that he could not be fair, impartial or a fair judge of credibility. In addition, Plaintiff struck juror number six and never voiced any objection to juror number 7 at trial. Accordingly, Plaintiff has not shown the Court abused its discretion, and this is not a basis for a new trial.

### c. Defense Counsel's Closing Arguments

Plaintiff argues that during closing arguments, defense counsel made a number of statements that were inflammatory and designed to confuse the jury by misrepresenting statements of Plaintiff's counsel and suggesting Plaintiff should have produced evidence that defense counsel knew was inadmissible. First, Plaintiff takes issue with defense counsel's statements that Plaintiff's counsel was essentially accusing Defendants of "shooting an unarmed man" and of "cold blooded murder." Plaintiff also asserts that defense counsel improperly argued that Plaintiff did not present any evidence or expert testimony that Defendants violated standard police practices when Defendants had previously objected to the admission of any such evidence. Lastly, Plaintiff argues that defense counsel mischaracterized the testimony given by Brandy Wallace and improperly attempted to gain sympathy for the officers by appealing to the Defendants' desire to see their families again.

Plaintiff did not object at trial to any of these statements when they were made during closing arguments or immediately after they were made. The first time she brought them to the Court's attention was in the Motion for New Trial. Plaintiff appears to contend that she did not object at the time the statements were made because an objection would have magnified the harm and risk antagonizing the jury. The Court rejects this argument.

Given the length of the delay in bringing her concerns regarding defense counsel's closing arguments to the Court's attention, it appears that Plaintiff is making this claim as an afterthought. *See Butts v. Curtis Publishing Co.*, 351 F.2d 702, 714 (5th Cir. 1965). Plaintiff could have brought

5

these statements to the Court's attention immediately after closing arguments outside of the presence of the jury, but she did not do so. A timely objection would have allowed the Court to give a curative instruction if such a statement was necessary. Plaintiff's failure to timely object to the statements (if not during closing arguments, then at least immediately thereafter) resulted in the Court being unable to address any prejudice or unfairness. *See Hooks v. GEICO Gen. Ins. Co. Inc.*, 2016 WL 5415134, at *6 (M.D. Fla. Sept. 28, 2016) (holding that "[g]enerally, a timely objection is necessary to bring to the district court's attention errors in counsel's arguments") (citation and internal quotation marks omitted); *Miledy Strait v. Busch Entm't Corp.*, 2007 WL 496607, at *2 (M.D. Fla. Feb., 12, 2007) (holding that Plaintiffs waived objections to defense counsel's closing argument when they failed to timely object to the statements); *Ruizdelatorre v. City of Miami Beach*, 2008 WL 5381431, at *18 (S.D. Fla. Dec. 22, 2008) (reasoning that defendants' strategic decision to stay silent in the face of objectionable statements made by opposing counsel constituted a waiver given the type of statements made); *see also Oxford Furniture Cos., Inc. v. Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1128 (11th Cir. 1993) (stating that when no objections are raised during trial, the appellate court reviews the arguments "for plain error, but a finding of plain error is seldom justified in reviewing argument of counsel in a civil case") (citation and internal quotations omitted). Furthermore, the closing arguments the Plaintiff complains about do not warrant a new trial. Accordingly, the Court denies Plaintiff's motion on this issue.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for New Trial (Doc. 147) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of June, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge